ORIGINAL

FILED

AUG 14 2014

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

3B'S LAND & GRAVEL, a Washington )
Limited Liability Company,                )
                                          )
                  Plaintiff,              )
                                          )
        v.                                )
                                          )
THE UNITED STATES OF AMERICA,             )
                                          )
                  Defendant.              )
                                          )

No.

14- 738L

COMPLAINT FOR INVERSE
CONDEMNATION

## PRELIMINARY STATEMENT

This is a claim to recover damages for the taking by the United States of America of Plaintiff's private property without just compensation. This claim arises under the Fifth Amendment to the Constitution of the United States, and is more fully set forth below.

## JURISDICTION

1.      This Court has jurisdiction of this case under 28 U.S.C. § 1491 (the Tucker Act) as a claim against the United States founded upon the Constitution of the United States.

## PARTIES

2.      Plaintiff, 3B's Land & Gravel, LLC is a Washington Limited Liability Company, registered in the State of Washington and authorized to conduct business on a 110 acre industrial development and rock quarry, with a principal place of business in Longview, Washington (hereinafter the "Mt. Solo Site" or "Mt. Solo").

3.      Defendant, United States of America, is a republic formed pursuant to the constitution of the United States, and exercising the powers described therein subject to certain limitations, including the Fifth Amendment to the United States Constitution.

FACTS COMMON TO ALL CAUSES OF ACTION

4.      3B's Land and Gravel LLC, is the owner of land in Cowlitz County, Washington, bordered on the south side by State Route 432 (also called Industrial highway).  Specifically, the property is a 110 acre parcel of property known as the Mt. Solo Development and Rock Quarry, which is located within the city limits of Longview, Washington.  The property is in a viable economic area, adjacent to the Port of Longview Expansion and the proposed "Millennium" coal terminal facility.  The plaintiff is the fee simple owner of Mt. Solo.

5.      There are ten high voltage electric transmission lines that cross Mt. Solo. The transmission lines are owned and operated by the Bonneville Power Administration ("BPA"), a power marketing agency of the United States, and are rated at from 115 kilovolts ("kV") to 500kV.

6.      There are 17 structures associated with the transmission lines located on the entire 110-acre Mt. Solo property.

7.      Various and multiple easements across Mt. Solo have been obtained from 1942 through 1976 to accommodate the high voltage transmission lines and structures set forth in paragraphs 5 and 6 hereinabove.  Initially, major portions of Mt. Solo were outside of the BPA easements. However, over time, BPA has acquired easements covering approximately 65 of the 110 acres on Mt. Solo.  The easements are summarized as follows:

    a.  March 3, 1942 - grant to USA permanent easement and ROW to erect, maintain, rebuild, operate and patrol electric power transmission lines.

    b.  May 20, 1942 – Same as above, but expanded width of strip of land 150 feet to 350 feet and expanded the length of land to 4,284.5 feet

    c.  April 10, 1942 – The Longview Company granted this easement (followed by the 4-21-42 easement).

2

d. April 21, 1942 – Same as above but it appears the strip of land described is now 400 feet in width with rights to keep the ROW clear of brush, timber, inflammable structures, and fire hazards, remove danger trees beyond the limits of its said ROW.

e. December 11, 1947 – The Long Bell Timber Company grants permanent easement and ROW to USA adding that landowners may erect fences provided that USA retains access to roads. USA to repair damage to roads, but USA accepts no assumption of risk for damage or injury to others (attached map vol. 405, page 471).

f. November 23, 1962 – International Paper Company grants USA perpetual easement that must be used within three (3) years and also keep easement area free from all noxious weeds as required by local government rules.

g. June 13, 1967 – IPC grants same as above for three tracts *plus* "there shall be no blasting or removal of rock from open quarry without the prior approval of the USA, which approval shall not be unreasonably withheld." Vol. 736, page 1568. "Contractor (USA) shall pay for all damages to Company's (IPC) property resulting directly or indirectly from the negligent acts or omissions of Contractor hereunder;" Vol.736, page 1569

h. February 11, 1969 – Goodat Crushed Rock, Inc. grants a perpetual easement to USA to three (3) parcels.

"The Grantor shall have the right to remove rock from said right of way and adjacent land by use of blasting powder when necessary, provided that the Grantor shall notify Bonneville Power administration at least 15 days before the blasting is to be done."

"The Grantor shall be liable for all damage to property or injury to persons which may occur as a result of said blasting operations, except for such injury or damage as the Government may be liable for under the provisions of the Federal Tort Claims Act, 62 Stat. 982, as amended."

i. May 1, 1969 – IPC grants perpetual easement in four tracts to USA. BPA must pay grantor market value of trees felled within the easement. (maps attached). Reserves to the Grantor right to use said strip of land for all purposes not inconsistent with the Grantee's (BPA's) use of same; also reserves the right to use "for any purpose incident to the ownership of adjoining lands;" Vol. 754, page 265. IPC may erect fences and locks, provided USA can install their own lock.

"Contractor (USA) shall pay for all damage to Company's property resulting directly or indirectly from the negligent acts or omissions of Contractor hereunder;" Vol. 754, page 266.

j. June 16, 1971 – Goodat Crushed Rock, Inc., grants easement for one transmission line. Incorporates by reference ROW in easement deed dated February 11, 1969. Rights to both parties appear the same as the ones in the addendums A&B for Radakovich. Exhibit A describes the 250 foot ROW.

k. June 29, 1971 – Option for Easement – grants a perpetual right for one transmission line. Addendum A reserves right to owner (Archie) Radakovich Construction, Inc. to grow agricultural products (shrubs, x-mas trees, etc.) within the easement.

l. January 3, 1972 – International Paper Co. grants a perpetual easement to USA for one transmission line. Specifies trees allowed to be cut outside the ROW.

Repeats language of June 13, 1967 deed. "Contractor (USA) shall pay for all damage to International Paper Company's property resulting directly or indirectly from the negligent acts or omissions of Contractor hereunder;"

m. June 14, 1976 – Radakovich Construction, Inc. grants to USA perpetual easement for one transmission line. The deed lists only the standard obligations and rights of both parties as to the easements, not of land outside of easement.

8.      The easements set forth above expressly permit mining.  One easement expressly prohibits mining in a small easement area, and some condition mining upon BPA approval within the easement area.  None of the above easements prohibit mining outside the easement areas.

9.      Plaintiff is currently possessed of all required governmental permits for surface mining, and is in compliance with all bonding, insurance and environmental regulations needed to currently work the quarry and mine and remove rock from the Mt. Solo site.  These permits include, but are not limited to:

a.   Washington State Department of Natural Resources (DNR) permit;
b.   City of Longview Critical Areas Permit;
c.   Washington State Sand and Gravel Permit;

4

d.   Washington State Air Quality Permit;

10.    At the time the easements were granted, and now, federal law prohibits electric transmission lines outside the rights of way. BPA purports to have authority and control over the use and development of land abutting or adjacent to the easements and has taken steps to thwart and prevent plaintiff from mining and otherwise economically utilizing the quarry and the industrial land. BPA without authority or consent of the Plaintiff, has installed government locks on gates that provide access to the 110 acre Mt. Solo site effectively locking out and denying Plaintiff access to its own property.

11.    On September 28, 2010, defendant BPA served a "Notice of Encroachment" upon Plaintiff, alleging that plaintiff had changed the grade of BPA's right of way through Mt. Solo and had destabilized the electrical tower footings, and in doing so, had violated the terms of various easements. Within the Notice, BPA issued a stop and desist order until Plaintiff submitted a plan, at plaintiff's expense and acceptable to BPA, to resolve the slope stability and access issues.

12.    On or about February 2012, Plaintiff filed for corporate reorganization under Chapter 11 of the Federal Bankruptcy Code, in the United States Bankruptcy Court, Western District of Washington, Case No. 12-40392.  Upon the filing of the petition under Chapter 11, the Plaintiff became a debtor in possession of the estate, retaining possession of the property and has attempted to obtain court-ordered confirmation of a plan of reorganization including the right to mine the property as a quarry and continue in its regular course of business.

13.    As part of the reorganization plan Plaintiff intends to mine and sell rock from the quarry and upon removal of rock to a certain elevation and grade, approximately level with the

abutting roadway, develop and sell industrial property adjacent to the Port of Longview

Washington Expansion.

14.    Defendant BPA is not a creditor of Plaintiff or otherwise a party to the

reorganization set forth in paragraph 14 hereinabove.  On or about June 5, 2012, BPA without

formally intervening in the case, filed a pleading entitled: *United States' Response to Debtor's*

*Motions to Lease Rock Quarry and To Sell Free and Clear."*   Filed with the "Response" are two

"Declarations." filed by a BPA geologist and a BPA regional operations manager.  The

Defendant's pleading oppose the mining and/or mining activities anywhere on the Mt. Solo site,

including property within and outside of the easements, and advocate for the permanent ceasing

of commercial activities for which Plaintiff's business and property exist.

15.    Plaintiff's geologist's findings refute BPA's assertions that activities such as

removing quarry rock and vegetation from areas of the Mt. Solo surface will render it unstable

and accelerate impairment of BPA"s facilities.

16.    All the easements granting BPA certain rights and obligations refer and articulate

only rights and obligations for activity on across or over the easement land. None of those

easements grant rights outside of the easement properties.

For a First Claim for Relief and Cause of Action, Plaintiff alleges:

INVERSE CONDEMNATION
COUNT ONE
(Permanent Taking)

17.    Plaintiff realleges paragraphs 1 through 16 and by this reference incorporates

these paragraphs as if set forth verbatim.

18.     Plaintiff invested in the Property at a level with the reasonable expectation that the Property could be mined as a rock quarry and then developed into an industrial site.

19.     Defendant's actions have deprived plaintiff of all economically-feasible private uses of the Property, and have further prevented plaintiff from earning a reasonable return on its investment commensurate with its reasonable investment-backed expectations; and have thereby taken the Property without just compensation, resulting in a loss to be proven at the time of trial in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 12 of the Washington Constitution.

20.     Plaintiff is entitled to its reasonable attorney's fees incurred in the inverse condemnation proceeding.

For a Second Claim for Relief and Cause of Action, Plaintiff alleges:

COUNT TWO
(Temporary Taking)

21.     Plaintiff realleges paragraphs 1 through 16 and by this reference incorporates these paragraphs as if set forth verbatim.

22.     Defendant's course of action has imposed servitude on the remainder of plaintiff's property, precluded plaintiff's attempts to develop the property for any economic use as it reasonably expected to do and prevented plaintiff from reasonable return on its investment. Plaintiff has been unable to make any viable economic use of the property which limitation will continue until such time as the unilateral restrictions imposed by BPA are eliminated and plaintiff is allowed to mine and develop the Property, resulting in a loss of the income from rock sales and economic development in the amount to be determined by a jury.  Defendant's actions have thereby temporarily taken Plaintiff's Property without just compensation, in violation of the

Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 12, of the Washington Constitution.

23.     Plaintiff is entitled to its reasonable attorney's fees incurred in the inverse condemnation proceeding.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an award of judgment in its favor and against Defendant in the following particulars:

a)     UPON THE PLAINTIFF'S FIRST CLAIM:

1.     For Plaintiff's economic damages;
2.     For Plaintiff's costs and disbursements incurred herein;
3.     For Plaintiff's reasonable attorney's fees incurred herein;
4.     For such other and further relief as the court deems equitable and just

b)     UPON THE PLAINTIFF'S SECOND CLAIM:

1.     For Plaintiff's economic damages;
2.     For Plaintiff's costs and disbursements incurred herein;
3.     For Plaintiff's reasonable attorney's fees incurred herein;
4.     For such other and further relief as the court deems equitable and just.

DATED this 12th day of August, 2014.

Respectfully submitted,

William L. Ghiorso, OSB#902706
Attorney at Law
495 State Street, Suite 500
Salem, OR 97301
Phone: (503) 362-8966
Fax:    (503) 362-1158
Email: ghiorsolawfirm@hotmail.com